## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 09-21480

|  |  |  |
|---|---|---|
| JOHN C. ODOM | ) | |
| Plaintiff, | ) | |
| | ) | **FIRST AMENDED COMPLAINT** |
| v. | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| LAZARO R. NAVARRO, | ) | |
| individually, MIAMI YACHT | ) | |
| SALES, INC., and John Does 1-10, | ) | |
| Defendants. | ) | |
| | ) | |

## <u>FIRST AMENDED COMPLAINT</u>

**COMES NOW**, Plaintiff John C. Odom, who states his claims against

Lazaro R. Navarro, Miami Yacht Sales, Inc., and John Does 1-10 as follows:

### <u>JURISDICTION AND VENUE</u>

1.

This action arises under the Federal Copyright Act of 1976, as amended, 17

U.S.C. § 101, *et seq.* This Court is vested with subject matter jurisdiction pursuant

to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338 (copyright

jurisdiction).

2.

This Court has personal jurisdiction over Defendants by virtue of their being domiciled, transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District.

3.

Venue is Proper under 28 U.S.C. §§ 1391(b)(2) and (c) and 1400(a).

THE PARTIES TO THIS COMPLAINT

4.

Plaintiff John C. Odom, (hereinafter "Plaintiff Odom,") is an individual residing in the Pompano Beach, Florida.

5.

Defendant Lazaro R. Navarro, (hereinafter "Defendant Navarro,") is an individual located at 1544 NW 32nd Street, Miami, Florida 33125.

6.

On information and belief, Defendant Navarro owns and operates Defendant Miami Yacht Sales, Inc., (hereinafter "Defendant Miami Yacht,") which does business as Florida Yachts International.

7.

Defendant Miami Yacht is a company formed in Florida with headquarters located at 2550 South Bayshore Drive, Suite #2, Miami, Florida 33133.  It may be served through its registered agent, John Ruiz, at Ruiz Law Centre, 5040 NW 7th Street, # 1, Miami, Florida 33126-3422.

8.

On information and belief, Defendant Miami Yacht owns and operates the website at www.floridayachtsinternational.com (hereinafter "Florida Yachts Website").

9.

Plaintiff Odom does not know the true names of Defendants John Does 1 through 10, inclusive, and therefore sues them by those fictitious names.  Plaintiff Odom is informed and believes and, on the basis of that information and belief, alleges that each of those Defendants was in some manner negligent, grossly negligent, guilty of willful and wanton conduct, and proximately caused Imageline's damages.  When Plaintiff Odom determines the true names and capacities of such Doe Defendants, he will seek leave of this Court to amend this complaint accordingly.  Each reference in this complaint to "Defendant,"

"Defendants" or a specifically named defendant refers also to all Defendants sued individually under fictitious names.

<u>FACTS</u>

10.

Plaintiff Odom is owner of Chris Odom Photo and a professional photographer.  As part of his profession, Plaintiff Odom specializes in marine photography.

11.

In early September, Defendant Miami Yacht commissioned Plaintiff Odom to take photographs of several yachts it was offering for sale (hereinafter the "Contract.")

12.

On or about September 1, 2008, Plaintiff Odom photographed one (1) yacht for Defendant Miami Yacht.  Plaintiff Odom was paid for this work, and the resulting images are not at issue.

13.

On or about September 16, 2008, Plaintiff Odom photographed two (2) yachts for Defendant Miami Yacht, the 2004 Cabo Yachts Express 45 Cabo and the 2006 Riviera Sport Fisherman Spot Fish (hereinafter "Second Photo Shoot.")

4

14.

Upon completion of the Second Photo Shoot, Plaintiff Odom provided Defendant Miami Yacht and Defendant Navarro (hereinafter collectively referred to as "Defendants") with the images from the Second Photo Shoot (hereinafter "Images").

15.

Defendants have not paid Plaintiff Odom for the Images.

16.

Defendant Miami Yacht posted, reposted, and continues to post - even after notice of the Plaintiff's claim of infringement - the Images (hereinafter "Infringing Images") from the Second Photo Shoot on its Florida Yachts Website at http://www.floridayachtsinternational.com/cgi-bin/SearchEngine/jsp/photo_gallery.asp?boatid=1829093&vehicleType=AN&picpos=0, http://www.floridayachtsinternational.com/cgi-bin/SearchEngine/jsp/photo_gallery.asp?boatid=1787012&vehicleType=AN&picpos=0, http://www.floridayachtsinternational.com/cgi-bin/SearchEngine/jsp/photo_gallery.asp?boatid=2100507&vehicleType=AN&picpos=0, and on various other marketing and sales web sites. (See Exhibit A, Florida

Yachts Website Images, and Exhibit B, Other Infringing Uses of Images, attached hereto.)

17.

Plaintiff Odom has complied in all respects with the Copyright Act of 1976, 17 U.S.C. §101 *et seq.*, as amended, and all other laws and regulations governing copyrights, and has secured the exclusive rights and privileges in and to the copyrights for the Images from the Second Photo Shoot.  The Register of Copyrights for the U.S. Copyright Office issued Plaintiff Odom valid Certificates of Copyright Registration for the photos at issue, (VA 1-650-288) effective September 22, 2008.

FIRST CAUSE OF ACTION

Copyright Infringement – 17 U.S.C. §§ 101 et seq.

18.

Plaintiff Odom re-alleges and incorporates by reference paragraphs 1 through 17 above.

19.

Defendants have reproduced, distributed, publicly displayed and/or created derivative works, and continue to do so, of the Infringing Images on the Florida Yachts Website, among other places without authorization.

20.

Defendants' conduct with respect to the Infringing Images violates the exclusive rights belonging to Plaintiff Odom as owner of the copyrights for the Images, including without limitation, Plaintiff Odom's exclusive rights under 17 U.S.C. § 106.

21.

As a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiff Odom for the Images.  Accordingly, Plaintiff Odom seeks an award of actual damages plus attorneys' fees and costs pursuant to 17 U.S.C. §§ 504 and 505.

22.

In the alternative, Plaintiff Odom is entitled to and seeks statutory damages for the Infringement of the Images, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504 and 505.

23.

The conduct by Defendants was willful and performed with knowledge; Plaintiff Odom is therefore entitled to the recovery of enhanced statutory damages pursuant to 17 U.S.C. 504.

24.

Plaintiff Odom will seek to amend this complaint to include other instances of unauthorized use, reproduction, distribution and/or creation of derivative works of Plaintiff Odom's Images and/or Plaintiff Odom's other images as such instances become known through the discovery process.

25.

The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff Odom great and irreparable injury that cannot fully be compensated or measured in money.

26.

Plaintiff Odom has no adequate remedy at law.

27.

Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff Odom is entitled to and seeks injunctive relief prohibiting each Defendant from further infringing Imageline's copyrights and ordering that each Defendant deliver up to Plaintiff Odom all copies of the Infringing Works for destruction.

<u>SECOND CAUSE OF ACTION</u>

Providing False Copyright Management Information –

17 U.S.C. §§ 1202(a) et seq.

28.

Plaintiff Odom re-alleges and incorporates by reference paragraphs 1 through 27 above.

29.

On the Florida Yachts Website, where the Defendants posted Plaintiff Odom's Images without authorization, Defendants posted the copyright notice of "© 2008 - 2009."

30.

Defendants knowingly and with the intent to induce, enable, facilitate, or conceal infringement, provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a).

31.

As a direct and proximate result of each of the Defendants' 1202(a) violations, Plaintiff Odom has suffered injuries and damages and so is entitled to the remedies set forth under 17 U.S.C. § 1203.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Odom prays for judgment against each of the Defendants as follows:

1.    Declare that Defendants' unauthorized conduct violates Plaintiff Odom's rights under common law and the Federal Copyright Act;

2.    Order Defendants to account to Plaintiff Odom for all gains, profits, and advantages derived by Defendants' through their infringement of Plaintiff Odom's copyrights; or such damages as are proper;

3.    Award Plaintiff Odom profits and damages in such amount as may be found pursuant to 17 U.S.C. § 504 (b) (with interest thereon at the highest legal rate) for the infringements of the Images; alternatively, award Plaintiff Odom maximum statutory damages in the amount of $30,000 for each infringement pursuant to 17 U.S.C. § 504 (c)(1); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

4.    Award Plaintiff Odom maximum statutory damages in the amount of $150,000 for each infringement of the Images pursuant to 17

U.S.C. § 504 (c)(2); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

5.   Award Plaintiff Odom actual damages in such amount as may be found pursuant to 17 U.S.C. § 1203(c)(2) for each violation; alternatively, award Plaintiff Odom maximum statutory damages in the amount of $25,000, pursuant to 17 U.S.C. § 1203(c)(3)(B) for each violation; or such other amounts as may be proper pursuant to 17 U.S.C. § 1203;

6.   Award Plaintiff Odom his costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b)(5);

7.   Enter preliminary and permanent injunctions providing that each Defendant shall deliver to Plaintiff Odom all copies of the Images, and all other materials containing such infringing copies in each Defendants' possession, custody or control, for destruction;

8.   Enter preliminary and permanent injunctions providing that each Defendant shall deliver to Plaintiff Odom an accounting identifying each recipient of any Images from Defendants;

9. Enter preliminary and permanent injunctions enjoining Defendants from engaging in any further acts of copyright infringement of the Images; and

10. For such other and further relief as the Court deems just and equitable.

Plaintiff Odom demands a jury trial on all of the foregoing counts.

This 24th day of June, 2009.

Respectfully submitted,

JOHN B. OSTROW, P.A.

/s/ John B. Ostrow

_____

JOHN B. OSTROW
Florida Bar No. 124324
CAROLYN E. WRIGHT
Georgia Bar No. 777718
*Admitted Pro Hac Vice*
MICHAELA C. KENDALL
Georgia Bar No. 252118
*Admitted Pro Hac Vice*
Attorneys for Plaintiff

JOHN B. OSTROW, P.A.
Courthouse Tower
44 West Flagler Street
Suite 1250
Miami, Florida 33130
Telephone: (305) 358-1496
Facsimile: (305) 371-7999
jbostrow@johnbostrow.com

BUCKLEY BROWN, P.C.
2970 Clairmont Road NE
Suite 1010
Atlanta, Georgia 30329
Telephone: (305) 358-1496
Facsimile: (305) 371-7999
cwright@buckleybrown.com
mkendall@buckleybrown.com

12