UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**MIAMI DIVISION**

CASE NO. 1:09-21480-CV-UNGARO

JOHN C. ODOM,

      Plaintiff,

vs.

LAZARO R. NAVARRO, Individually,
MIAMI YACHT SALES, INC., and
John Does 1-10,

      Defendants

_____/

## DEFENDANTS LAZARO NAVARRO and MIAMI YACHT SALES, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Defendants, LAZARO R. NAVARRO, Individually AND MIAMI YACHT SALES, INC., by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss the Amended Complaint filed by the Plaintiff, and as grounds therefore, state as follows:

### FACTUAL HISTORY

On or about September 1, 2008, Plaintiff was commissioned to photograph one (1) yacht by Florida Yachts International, not Lazaro "Ralph" Navarro or Miami Yacht Sales, Inc. Plaintiff was paid for this work. On or about September 16, 2008, Plaintiff was commissioned by Florida Yachts International to photograph two (2) yachts, a 2004 Cabo Yachts Express 45 Cabo and a 2006 Riviera Sport Fisherman Spot Fish (hereinafter "Second Photo Shoot.") The purpose of photographing these vessels was for website advertising by Florida Yachts International, a yacht broker. Plaintiff charged $75.00 per boat to be photographed. Plaintiff alleges that he has not been paid for these images from the Second Photo Shoot. Florida Yachts International complained to Plaintiff that the images were of poor quality and unacceptable.

Unbeknownst to Defendants or Florida Yachts International, Plaintiff had applied for and obtained a copyright on the images from the Second Photo Shoot, and that Defendants infringed on his copyright by posting the images on various websites.

Plaintiff's Amended Complaint should be dismissed for several reasons. First, Lazaro Ralph Navarro and Miami Yacht Sales, Inc. had nothing whatsoever to do with the retention of Plaintiff to photograph the two yachts. There is no written agreement between Plaintiff and Lazaro Ralph Navarro or Miami Yachts Sales, Inc., nor is there any indication that Lazaro Ralph Navarro accepted or assumed any personal liability under any purported agreement. The relationship with the Plaintiff was solely between Chris Odom Photo, Fine Marine Imagery and Florida Yachts International. Plaintiff's claim is nothing more than a breach of contract action for the sum of $300.00.

## STANDARD OF REVIEW

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir.1994), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir.1994). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir.1985). "Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed on grounds that it fails to state a claim upon which relief may be granted. Sea Vessel, Inc. v. Reyes, 23 F.3d 345, 347 (11th

Cir.1994). Nevertheless, to survive a motion to dismiss, a plaintiff must do more than merely "label" his claims. Blumel v. Mylander, 919 F.Supp. 423, 425 (M.D.Fla.1996). Moreover, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. Marshall County Bd. Of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir.1993).

## PLAINTIFF FAILS TO STATE A CAUSE OF ACTION PURSUANT TO 12(b)(6), OR IN THE ALTERNATIVE, DEFENDANTS MOVE FOR A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)

Defendants assert that the Complaint should be dismissed pursuant to Rule 12(b)(6), since Plaintiff has failed to state a claim upon which relief may be granted. In the alternative, Defendants request that Plaintiff provide a more definite statement pursuant to Rule 12(e). Defendants argue that: Plaintiff fails to allege whether the "Contract" is an express written contract or an oral contract; Plaintiff fails to attach a copy of the contract to the complaint, or in the alternative, Plaintiff fails to allege each of the essential elements to an oral contract.

To prove a claim for breach of an oral contract, a party must prove the elements of a written contract. *See* Southtrust Bank v. Export Insurance Services, Inc., 190 F.Supp.2d 1304, 1307 (M.D.Fla .2002). In oral contract actions, the complaint must allege the mutual formation of an oral contract, the obligation thereby assumed, consideration, and a breach. *See* Perry v. Cosgrove, 464 So.2d 664, 667 (Fla. 2d DCA 1985), citing Industrial Medicine Pub. Co. v. Colonial Press of Miami, Inc., 181 So.2d 19, 20 (Fla. 3d DCA 1966). If a defendant has no sure knowledge of the exact oral contract which is allegedly the basis for the plaintiff's cause of action, then defendant may file a motion for more definite statement. *See* Industrial Medicine at 20; see also Rule 12(e) of the Federal Rules of Civil Procedure.

In order to impose liability upon the Defendants, although wrongly named herein, the Plaintiff had to assert that the terms and conditions of the alleged contract, included that the

images that were being shot by the Plaintiff's agent, would be subject to a copyright so as to place the Defendants on notice. A contract, along with all of its terms and conditions, which is a meeting of the minds, would have to be agreed upon by both contracting parties. At no time did Plaintiff notify, advise or contract with the FYI or its agents, that Plaintiff intended to obtain a copyright on the images that he took of the two yachts in the Second Photo Shoot. For that matter, why didn't Plaintiff seek a copyright for the images he shot in the First Photo Shoot? A search of the Copyright Catalogue for the United States Copyright Office revealed no copyright. Defendants contend that Plaintiff's have therefore misused the purpose of the Copyright Act.

## IMPROPER PARTIES and LACK OF STANDING

Defendants, Lazaro Ralph Navarro and Miami Yacht Sales, Inc., contend that the Court lacks personal jurisdiction over them because the Plaintiff sued the wrong defendants.

Miami Yacht Sales, Inc. is a Florida Corporation, authorized to conduct business and doing business in Miami-Dade County. (See attached Division of Corporation Print-out as Exhibit A). FYI International, Inc. (a/k/a Florida Yachts International) is a Florida Corporation, authorized to conduct business and doing business in Miami-Dade County. (See attached Division of Corporation Print-out as Exhibit B). Both corporations are completely separate and distinct from one another and there is no agency or parent relationship between them.

Lazaro Ralph Navarro is the owner and director of both corporations, however, the Plaintiff has alleged nothing to support personal liability on the part of Mr. Navarro or anything that would support a piercing of the corporate veil.

Chris Odom Photo was commissioned by FYI and all communications were between Chris Odom Photo and FYI. (See attached E-mail as Exhibit C).

Further, Defendants contend that Plaintiff, JOHN C. ODOM, lacks standing to have commenced this action as the entity that was commissioned to take the photographs was Chris Odom Photo Fine Marine Imagery, not John Odom. Further, according to the Copyright Catalog, the rights and permissions of the subject copyright is Chris Odom Photo. (See attached as Exhibit D).

As the party invoking federal jurisdiction, Plaintiff has the burden of establishing standing to litigate his asserted claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). "Of the various Article III doctrines that serve to define and limit the role of the federal judiciary in our system of government, 'perhaps the most important' is standing." Jones v. Cavazos, 889 F.2d 1043, 1046 (11th Cir.1989), quoting Allen v. Wright, 468 U.S. 737 (1984).

The existence of standing is determined as of the date suit is filed. See Lujan, 504 U.S. at 569 n. 4, 112 S.Ct. 2130. And the "requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc., 528 U.S. 167 (2000). Belated efforts to bolster standing are futile.

## CONCLUSION

Based on the facts and authority cited above, the Defendants herein have been wrongly named in this matter, the Plaintiff lacks standing to have commenced and maintain this action, and the Plaintiff's case should be dismissed for failure to state a cause of action in that Plaintiff's claim is nothing more than a claim for breach of contract. In the alternative, the Court should require Plaintiff to provide a more definite statement pursuant to Rule 12(e).

WHEREFORE, Defendants, Lazaro Ralph Navarro and Miami Yacht Sales, Inc., pray this Court dismiss Plaintiff's Complaint, for an award of costs and attorneys' fees, and for such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a correct and true copy of the foregoing was sent via U.S. Mail this 5th day of August, 2009 to: John B. Ostrow, P.A., Courthouse Tower, 44 West Flagler Street, Suite 1250, Miami, Florida 33130 and Carolyn E. Wright, Esq., Buckley Brown, P.C., 2970 Clairmont Road, N.E., Suite 1010, Atlanta, Georgia 30329.

JOHN H. RUIZ, P.A.
Attorneys for Defendants Navarro and Miami Yachts
5040 N.W. 7 Street, Suite 920
Miami, Florida 33126
Telephone: (305) 614-2239
Facsimile: (305) 614-2233

By: s/*Karen J. Barnet-Backer*
JOHN H. RUIZ, ESQ.
Florida Bar No.: 928150
KAREN J. BARNET-BACKER, ESQ.
Florida Bar No.: 54482

# FLORIDA DEPARTMENT OF STATE
# DIVISION OF CORPORATIONS
## sunbiz

| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |

Previous on List    Next on List    Return To List                              Entity Name Search
No Events           No Name History                                             [Submit]

## Detail by Entity Name
### Florida Profit Corporation
MIAMI YACHT SALES, INC.

### Filing Information
**Document Number** P97000063754
**FEI/EIN Number** 650769873
**Date Filed** 07/23/1997
**State** FL
**Status** ACTIVE

### Principal Address
2550 SOUTH BAYSHORE DRIVE
SUITE# 2
MIAMI FL 33133

Changed 04/15/2005

### Mailing Address
2550 SOUTH BAYSHORE DRIVE
SUITE# 2
MIAMI FL 33133

Changed 04/15/2005

### Registered Agent Name & Address
RUIZ, JOHN
5040 NW 7 STREET
SUITE 920
MIAMI FL 33126 US

Name Changed: 09/03/2002

Address Changed: 05/04/2009

### Officer/Director Detail
**Name & Address**

Title D

NAVARRO, LAZARO R
2550 S. BAYSHORE DRIVE, STE 2
MIAMI FL 33133

### Annual Reports
**Report Year   Filed Date**
2007          01/20/2007
2008          01/07/2008

"A"





Home | Contact Us | E-Filing Services | Document Searches | Forms | Help

Previous on List | Next on List | Return To List

No Events | No Name History

Officer/RA Name Search

[Submit]

## Detail by Officer/Registered Agent Name

### Florida Limited Liability Company

FYI INTERNATIONAL, LLC.

### Filing Information

**Document Number** L06000080660
**FEI/EIN Number** 205381217
**Date Filed** 08/16/2006
**State** FL
**Status** ACTIVE
**Effective Date** 08/15/2006

### Principal Address

2550 SOUTH BAYSHORE DRIVE
SUITE 2
MIAMI FL 33133 US

### Mailing Address

13086 ZAMBRANA STREET
MIAMI FL 33156

Changed 01/16/2007

### Registered Agent Name & Address

NAVARRO, LAZARO R
2550 SOUTH BAYSHORE DRIVE
SUITE 2
MIAMI FL 33133 US

### Manager/Member Detail

**Name & Address**

Title MGR

NAVARRO, LAZARO R
2550 SOUTH BAYSHORE DRIVE
MIAMI FL 33133 US

### Annual Reports

**Report Year**   **Filed Date**
2007   01/16/2007
2008   07/08/2008

### Document Images

07/08/2008 -- ANNUAL REPORT   [View image in PDF format]

"B"

| | | |
|---|---|---|
| 01/16/2007 -- ANNUAL REPORT | View image in PDF format | |
| 08/16/2006 -- Florida Limited Liability | View image in PDF format | |

**Note:** This is not official record. See documents if question or conflict.

| Previous on List | Next on List | Return To List | Officer/RA Name Search |
|---|---|---|---|
| No Events | No Name History | | Submit |

| Home | Contact us | Document Searches | E-Filing Services | Forms | Help |

Copyright and Privacy Policies
Copyright © 2007 State of Florida, Department of State.

**From:** Chris Odom [chris@chrisodomphoto.com]
**Sent:** Monday, February 16, 2009 11:58 AM
**To:** Michelle Boyle
**Subject:** Re: Florida Yachts International
**Attachments:** Letter to Ruiz re Odom v. FYI.doc; FYI-Payment attempt Ralph.pdf

Hi Michelle,

Per our phone conversation, I am submitting to you the demand letter that was originally sent to attorney John Ruiz, at the request of Mr. Navarro, in an attempt to resolve this matter. I originally tired to resolve this matter without the need for lawyers, but my requests were continually ignored by Ralph and Florida Yachts International. Please find attached the demand letter and the original email exchange with Mr. Navarro attempting to resolve the matter. I would perfer to work this out between us, without the need for attorneys. However, if we can not achieve a workable solution, I will be forced to turn this matter back over to the attorneys. Please let me know you intentions.

Chris

Please note: these are settlement discussions for a dispute

On Mon, Feb 16, 2009 at 9:55 AM, Michelle Boyle <michelle@floridayachtsinternational.com> wrote:

> Good Morning Chris:
>
> Thank you for your response, I am the controller and one of Mr. Navarro's assistant here at FYI and have been for many years, can you please forward your invoices for payment to my attention via email/fax. I have never seen a request for payment via invoice and or statement by fax and/or by mail. I look forward to your response.
>
> Regards,
>
> *Michelle*
>
> **Florida Yachts International**
>
> Office:   (305) 854-6020
>
> Fax:      (305) 854-5177
>
> Cell:     (786) 294-7320
>
> 
> Go Green! Please do not print this e-mail unless necessary



6/15/2009

**From:** Chris Odom [mailto:chris@chri... .omphoto.com]
**Sent:** Monday, February 16, 2009 9:46 AM
**To:** Michelle Boyle
**Cc:** Carolyn E. Wright; Carolyn Wright
**Subject:** Re: Florida Yachts International

Good morning Michelle,

I understand that you have received several complaints of copyright infringement and requests to remove my images from yours and all affiliated websites. I did this because Mr. Navarro has refused payment for images that he commissioned but continues to use, despite saying that the images were unacceptable. This has been covered in numerous emails and official correspondence to Mr. Navarro and Florida Yachts International in an attempt to resolve the matter. In addition, my attorney has given Ralph/FYI a way to resolve it in the form of a demand letter. Understand Michelle, I have not been compensated for the images that are being infringed. I was compensated for ONE boat, WHICH I AM NOT DISPUTING. I was not paid for the Cabo or the Riviera.

Resolution is simple. Please refer to the demand letter issued to John Ruiz for reference. If you wish to discuss other options, you may contact me via voice at 850.206.3999. If not, please refer all future communication to my attorney Carolyn Wright.

Good day,
Chris Odom

Please note: these are settlement discussions for a dispute

On Fri, Feb 13, 2009 at 3:43 PM, Michelle Boyle <michelle@floridayachtsinternational.com> wrote:

Good Afternoon Mr. Odom:

Florida Yachts International has received copies of your complaints of Copyright Infringement regarding two vessels that we have listed for Sale on boat quest and Boat Trader online. Can you please inform me how these complaints can be resolved as you were compensated by Florida Yachts International in September 2008 to take these photo's. I look forward to your response

Thank You,

**Michelle Boyle**

**Florida Yachts International**

2550 South Bayshore Drive, Suite 2

Miami, Florida 33133

Office: (305) 854-6020

6/15/2009

Fax:     (305) 854-5177

Cell:    (786) 294-7320

Email:   michelle@floridayachtsinternational.com

Web:     www.floridayachtsinternational.com

 Go Green!  Please do not print this e-mail unless necessary.

--
Chris Odom Photo
Fine Marine Imagery
www.chrisodomphoto.com
chrisodom.wordpress.com

--
Chris Odom Photo
Fine Marine Imagery
www.chrisodomphoto.com
chrisodom.wordpress.com

6/15/2009



# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = odom john
Search Results: Displaying 7 of 18 entries



*Interior and exterior shots of yachts.*

|  |  |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0001650288 / 2008-10-22 |
| **Application Title:** | Interior and exterior shots of yachts. |
| **Title:** | Interior and exterior shots of yachts. |
| **Description:** | Electronic file. |
| **Copyright Claimant:** | John Christopher Odom. Address: 10880 Shadow Creek Dr, Pensacola, Fl, 32514, United States. |
| **Date of Creation:** | 2008 |
| **Date of Publication:** | 2008-09-17 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | John Christopher Odom, 1971- d.b.a. Chris Odom Photo; Domicile: United States; Citizenship: United States. Authorship: photograph(s) |
| **Rights and Permissions:** | , Chris Odom Photo, 10880 Shadow Creek Dr., Pensacola, FL, 32514, United States, (850) 206-3999, chris@chrisodomphoto.com |
| **Names:** | Odom, John Christopher, 1971- <br> Odom, John Christopher <br> Chris Odom Photo |





Help  Search  History  Titles  Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright | Copyright Office Home Page | Library of Congress Home Page

