UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21480-CIV-UNGARO/SIMONTON

JOHN C. ODOM,

    Plaintiff,

v.

LAZARO R. NAVARRO, et al.,

    Defendants.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES INCURRED IN FILING MOTION TO COMPEL

Presently pending before the Court is Plaintiff's Verified Motion For Attorney's Fees Incurred In Having To File His Motion To Compel (DE # 42). This motion is referred to the undersigned Magistrate Judge (DE # 43). The motion is fully briefed (DE ## 45, 47). This motion is referred to the undersigned Magistrate Judge (DE # 43). For the reasons stated below, the motion is granted in part, and Plaintiff is awarded $255.00 in attorney's fees reasonably incurred in filing the motion to compel.

    I. **Background**

Plaintiff Odom is proceeding under a two-count First Amended Complaint, alleging that Defendants: infringed upon his copyright, in violation of 17 U.S.C. §§ 101, et seq., (Count I), and provided false copyright management information, in violation of 17 U.S.C. §§ 1202(a), et seq., (Count II). Plaintiff, a professional photographer, contends that on September 16, 2008. he took photographs of two yachts which Defendants were offering for sale. Plaintiff also alleges that he has copyrighted the two photographs, Defendants have not paid him for the photographs, and Defendants have continually posted the two photographs on their own website and on other websites, falsely stating

Defendants have the copyright, even after receiving Plaintiff's notice of infringement. Plaintiff seeks monetary damages, injunctive relief, attorney's fees and costs (DE # 6).

On November 19, 2009, Plaintiff filed a motion to compel responses to discovery and for extension of dates in scheduling order, in which he contended that Defendants had failed completely to respond to discovery which Plaintiff had propounded on September 17, 2009, in spite of Plaintiff's attempts to obtain responses from Defendants. In the motion, Plaintiff asked the Court to order Defendants: to provide responses and to pay the reasonable expenses which Plaintiff incurred in making the motion to compel, pursuant to Fed.R.Civ.P. 37(a)(5)(A) (DE # 35).[1] On November 25, 2009, the District Court granted Plaintiff's motion, ordering Defendants to respond to Plaintiff's discovery by November 30, 2009, and stated that Plaintiff shall separately file a motion for the attorney's fees incurred in having to file its Motion to Compel (DE # 37).

Defendants subsequently filed a motion to extend until December 7, 2009 the time to respond to Plaintiff's discovery (DE # 38).  In spite of Plaintiff's opposition (DE # 39), on December 2, 2009, the District Court granted Defendants' motion (DE # 40).  On December 4, 2009, Defendants filed a notice stating that they had served Plaintiff with their discovery responses (DE # 41).

The instant motion followed.

II.  The Parties' Positions

In his motion, Plaintiff states that as the prevailing party on his motion to compel, he is entitled to an award of attorney's fees, pursuant to Fed.R.Civ.P. 37(a)(5)(A).

---

[1] **Plaintiff also moved to extend the pretrial deadlines (DE # 35).  The District Court extended the discovery deadline to January 8, 2010.  All other deadlines remained in full force and effect (DE # 37).**

Plaintiff requests an award of $1,742.00, consisting of 1.7 hours billed by attorney Carolyn E. Wright at an hourly rate of $350.00, and 6.2 hours billed by attorney Evan A. Andersen at an hourly rate of $185.00. Plaintiff does not request costs. Plaintiff also attaches an expert's affidavit which stated that the time and amounts billed for the preparation of the motion to compel, and the hourly rates requested, are proper and accurate (DE # 42).

Defendants respond that the circumstances make an award of costs unjust because: 1) in September 2009, Defendants had made Plaintiff aware by email that Defendant Navarro's travel schedule would make it very difficult for him to communicate in order to prepare the discovery responses and 2) Plaintiff was not prejudiced by the untimely discovery responses because Defendants had provided much of the information contained in the discovery responses in their initial disclosures. If an award for fees is granted, Defendants ask the Court to reduce the amount awarded, contending that 1) attorney Wright improperly requests reimbursement for time incurred before the drafting of the motion to compel and 2) there was duplication of effort by Plaintiff's two attorneys in drafting the motion to compel. Defendants also contend that the motion contained superfluous information, including a request for an award of expenses and a motion to extend dates in the scheduling order. Defendants further argue that the time records of Plaintiff's counsel show extraneous entries unrelated to preparing the motion to compel (DE # 45).

Plaintiff replies that Defendants do not controvert that they failed to provide until December 4, 2009, the discovery responses, which were due on October 19, 2009, and only after the filing of a motion to compel and an Order by the District Court. Plaintiff further states that, contrary to Defendants' unsupported assertion, Defendants never

3

informed Plaintiff that Defendants could not timely respond to discovery because of Defendant Navarro's busy travel schedule. Plaintiff states that he was prejudiced and damaged by Defendants' tardiness by having to persistently inquire concerning the status of Defendants' discovery responses and by having to file the motion to compel (DE # 47 at 1-5).

Plaintiff further states that it is common and appropriate to have attorney Andersen, an attorney in his second year of practice, draft a motion to compel, and it is also appropriate for a more experienced attorney, such as attorney Wright, to then review his work. Plaintiff also notes that his expert witness stated that the hourly rates of attorneys Wright and Anderson were reasonable and that the time expended by attorneys Wright and Anderson was also reasonable given the nature of the discovery issues (DE # 47 at 5-6).

### III. Analysis

#### A. Plaintiff Is Entitled To An Award of the Attorney's Fees He Incurred In Making the Motion To Compel

Plaintiff, relying on Fed.R.Civ.P. 37(a)(5)(A), moves for the attorney's fees which he incurred in making the instant motion. Rule 37(a)(5)(A) states, in pertinent part:

> A)   If the motion [to compel] is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>   (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
>   (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

>   (iii) other circumstances make an award of expenses unjust.

The undersigned finds that, pursuant to Fed.R.Civ.P. 37(a)(5)(A), Plaintiff should receive an award of the reasonable attorney's fees which he incurred in making the motion to compel.  The District Court granted Plaintiff's motion to compel.  Plaintiff has provided evidence that, before filing the instant motion, he attempted in good faith to obtain the tardy discovery from Defendants.  Defendants have not provided any evidence that their failure to provide the requested discovery in a timely fashion was substantially justified, or that any other circumstances make an award to Plaintiff unjust.  Even if Defendants had notified Plaintiff that Defendant Navarro's travel schedule would make it difficult for him to timely respond to Plaintiff's discovery (and the undersigned does not necessarily accept Defendants' proffer on this issue), this would still be no excuse for Defendant's complete failure to respond to discovery until almost two months after it was due, and after Plaintiff had to file a motion to compel, and the District Court granted the motion.  The undersigned also notes that Defendants never filed a motion to extend the time to respond to Plaintiff's discovery requests.  As the circumstances of this case fall squarely within the requirements of Rule 37(a)(5)(A), Defendants are ordered to pay Plaintiff the reasonable attorney's fees he incurred in filing the motion to compel.

>   **B.**   **The Amount of the Award To Plaintiff**
>
>   **1.**   **Framework for Analysis**

In assessing the reasonableness of attorney's fee requests, courts apply the "lodestar" method to obtain an objective estimate of the value of an attorney's services. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  The value of an attorney's services is calculated by multiplying the hours that the attorney worked by a reasonable rate of pay, defined as "the prevailing market rate in the

legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11; *Norman*, 836 F.2d at 1299.  The party moving for fees bears the burden of establishing the "reasonableness" of the hourly rate and number of hours expended via specific evidence supporting the hours and rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The court may utilize its own "knowledge and expertise" to come to an independent judgment regarding the reasonableness of requested attorney's fees. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).  However, when seeking attorney's fees, the prevailing party must not request fees for hours that are "excessive, redundant, or otherwise unnecessary;" or request fees for unsuccessful claims. *Hensley*, 461 U.S. at 434-35.  When a request for attorney's fees is unreasonably high, the court may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

      2.  <u>Reasonable Hourly Rate</u>

Plaintiff requests hourly rates of $350.00 for attorney Carolyn E. Wright and $185.00 for attorney Evan A. Andersen.  In support of his request, Plaintiff attaches an affidavit from attorney M. Diane Vogt, who states that she has practiced for over twenty-nine years and avers that the hourly rates requested are reasonable and on par with rates currently charged by attorneys in South Florida with similar credentials who represent parties in sophisticated intellectual property litigation in federal court (Ex. A to DE # 42 at 2, ¶5).  Defendants do not object to the hourly fee rates sought by Plaintiff.  Thus, under the facts of this case, the undersigned finds that the hourly rates of $350.00 for attorney Carolyn E. Wright and $185.00 for attorney Evan A. Andersen are reasonable.

**3.     Reasonable Hours Expended**

Plaintiff have requested compensation for 1.7 hours of work by attorney Wright and for 6.2 hours by attorney Andersen. Defendants ask the Court to reduce this amount, contending that some of the work listed does not fall under the kind of work for which an award is allowable and also that Plaintiff's counsel request an unreasonable amount of time spent on the motion to compel. For the reasons stated below, the undersigned concurs that the hours expended were unreasonably high.

**a.     Plaintiff Is Not Entitled To An Award For Time Not Spent Drafting the Motion**

Initially, Defendants contend that the 0.7 hours spent by attorney Wright from October 27, 2009 to November 9, 2009 to try to obtain discovery responses from Defendants before beginning to draft the motion to compel on November 16, 2009 should not be included in the award.

The undersigned agrees with Defendants. Rule 37(a)(5)(A) provides for an award of the expenses incurred in filing a motion to compel, not the expenses incurred in trying to obtain discovery responses before filing a motion to compel. Therefore, the undersigned disallows the 0.7 hours spent by attorney Wright from October 27, 2009 to November 9, 2009 in trying to obtain discovery responses from Defendants.

**b.     Plaintiff's Counsel Spent An Excessive Amount of Time Drafting the Motion**

From November 16, 2009 through and including November 19, 2009, Plaintiff lists attorney Wright's time working on the motion to compel as 1.0 hour and attorney Andersen's time working on the motion to compel as 6.2 hours. Defendants asks this Court to reduce the time requested because 1) the motion to compel also included a motion to extend pretrial deadlines; 2) the motion to compel included superfluous

information; 3) attorneys Wright and Andersen duplicated each others' effort, and 4) attorney Andersen's 6.2 hours to review the law and prepare the motion is exorbitant (DE # 45 at 4, 6).

The undersigned has reviewed the motion to compel, and concludes that the hours requested by Plaintiff are excessive and redundant. The portion of the motion which asks the Court to compel discovery requests from Defendants appears to be a form, containing no case law, and merely states the various requirements of Rules 34(b)(2)(a), 37(a)(3)(B)(iii) and 36(a)(3). Based upon a review of the Motion to Compel and the record as a whole, the undersigned finds and concludes that a reasonable amount of time to spend in drafting the motion to compel, which was based upon a total failure to respond to discovery, should not have exceeded one hour, even for a relatively inexperienced attorney. In addition, although the undersigned recognizes the wisdom of assigning both an experienced attorney and a relatively inexperienced attorney to this case, and also recognizes the necessity of coordination between those attorneys, the undersigned finds that review of the Motion to Compel was primarily for the convenience of counsel, and therefore any time spent in excess of 0.2 hour was excessive. *See Godoy v. New River Pizza, Inc.*, 565 F. Supp. 2d 1345, 1348-50 (S.D. Fla. 2008) (multiple billing warrants a reduction in the amount of hours claimed by party moving for attorney's fees).

### IV. Conclusion

Thus, the undersigned determines that Plaintiff should be awarded $185.00 for one hour of attorney Andersen's work on the motion to compel, and $70.00 for 0.2 hour of attorney Wright's work on the motion to compel, for a total award of $255.00 to Plaintiff for the reasonable attorney's fees incurred in filing his motion to compel.

Therefore, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Verified Motion For Attorney's Fees Incurred In Having To File His Motion To Compel (DE # 42), be **GRANTED in part**, and Plaintiff is awarded attorney's fees in the amount of $255.00.  Defendant shall make this payment on or before February 25, 2010.

**DONE AND ORDERED** in chambers in Miami, Florida, on February 11, 2010.

/s/ Andrea M. Simonton
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro, United States District Judge
All parties of record