# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No. 09-21480-CIV-UNGARO

JOHN C. ODOM,

      Plaintiff,

v.

LAZARO R. NAVARRO, individually,
MIAMI YACHT SALES, INC., and
John Does 1-10,

      Defendants.

_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Plaintiff John C. Odom's Motion for Summary

Judgment, filed on January 8, 2010 (D.E. 48).  Defendants responded in opposition on February

3, 2010 (D.E. 51), to which Plaintiff replied on February 16, 2010 (D.E. 59).

THE COURT has considered the Motion and the pertinent portions of the record and is

otherwise fully advised in the premises.

## BACKGROUND

On June 2, 2010, Plaintiff, a professional marine photographer, filed this action under the

Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.,* against Defendants,

alleging generally (i) that Defendants commissioned Plaintiff to take yacht photographs, (ii) that

Plaintiff provided Defendants with the images, but has not been paid for the images, (iii) that

Defendants have – without authorization – used Plaintiff's images on their website, and (iv) that

Plaintiff has secured exclusive rights and privileges in and to the copyrights for the images.

(Original Complaint, D.E. 1).  The operative pleading in this case, Plaintiff's Second Amended

Complaint (D.E. 20-2) sets forth two causes of action: (i) copyright infringement (Count I); and

(ii) providing false copyright information (Count II).  Plaintiff now moves for summary judgment

as to both counts.

Defendant Lazaro R. Navarro ("Navarro") is the owner and operator of Defendant FYI

International Inc., a yacht brokerage firm ("FYI").  (Plaintiff's Statement of Material Facts

("PSF"), D.E. 48-5, ¶¶ 2-3.)[1]  Navarro runs the "day to day" operations of FYI.  (PSF ¶ 3.)  FYI commissioned Plaintiff to take pictures of several yachts it was offering for sale, at a rate of $75 per vessel. (PSF ¶ 4.)

On or about September 12, 2008, Plaintiff photographed one yacht, provided the images to Defendants, and was paid for the images.  (PSF ¶ 5.)  About one week later, Plaintiff photographed two more yachts, provided those images to Defendants, but was not paid.  (PSF ¶¶ 6-7.)  The images from this second photo shot (the "Images") are the subject of this suit.

Defendants have withheld payment for the Images because they were "not acceptable." (PSF ¶ 8.)  Nonetheless, thirty-one of the Images were posted on FYI's website with a copyright notice that read "© 2003-2010." (PSF ¶¶ 11, 19.)  Navarro states, "We had no choice but to use the images in order to comply with the listing agreements to sell the boats."  (Navarro Affidavit ¶ 9 (emphasis added).)  Plaintiff states that payment was a condition of Defendants' use of the Images.  (PSF ¶ 9.)  Navarro, however, states that the Images were provided "to FYI without any conditions or information related to payment and/or copyright."  (Navarro Affidavit, D.E. 51-2, ¶ 6.)  There is no evidence in the record as to the specific date on which Plaintiff provided these Images to Defendants or when the Images first appeared on FYI's website.

On October 15, 2008, Plaintiff sent Defendants a cease and desist letter notifying them that the Images were copyrighted and requesting them to cease using the Images.  (PSF ¶ 14.)  Plaintiff received a valid Certificate of Copyright for the Images from the United States

---

[1]       The Court notes here that although Defendants filed a "Statement of Disputed Issues of Fact in Support of Their Opposition to Plaintiff's Motion for Summary Judgment," (D.E. 51-3), their statement is insufficient for two reasons.  First, and most importantly, their statement does not comply with the Local Rules of the United States District Court for the Southern District of Florida because it is not supported "by specific references to pleadings, depositions, answers to interrogatories, admissions and affidavits on file with the Court . . . ." S.D. Fla. L.R. 7.5(C)(2).  Second, Defendants' statement does not "correspond with the paragraph numbering scheme used by the movant . . . ."  *Id.*  Accordingly, Defendants' statement will not be considered because it is unsupported by evidence and fails to effectively controvert Plaintiff's Statement of Material Facts.

Copyright Office, effective October 22, 2008.  (PSF ¶ 21.)  As of the date Plaintiff's Motion for

Summary Judgment, the Images continue to appear on FYI's website.  (PSF ¶ 18.)

## LEGAL STANDARD

Summary judgment is authorized only when the moving party meets its burden of

demonstrating that "the pleadings, depositions, answers to interrogatories and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56.  The

Supreme Court explained in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970), that when

assessing whether the movant has met this burden, the court should view the evidence and all

factual inferences in the light most favorable to the party opposing the motion.

The party opposing the motion may not simply rest upon mere allegations or denials of

the pleadings; after the moving party has met its burden of coming forward with proof of the

absence of any genuine issue of material fact, the non-moving party must make a sufficient

showing to establish the existence of an essential element to that party's case, and on which that

party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Poole

v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997); *Barfield v. Brierton*, 883

F.2d 923, 933 (11th Cir. 1989).

If the record presents factual issues, the court must not decide them; it must deny the

motion and proceed to trial.  *Envtl. Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).[2]

Summary judgment may be inappropriate even where the parties agree on the basic facts, but

disagree about the inferences that should be drawn from these facts.  *Lighting Fixture & Elec.

Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969).  If reasonable minds might

differ on the inferences arising from undisputed facts then the court should deny summary

---

[2]     Decisions of the United States Court of Appeals for the Fifth Circuit entered
before October 1, 1981, are binding precedent in the Eleventh Circuit.  *See Bonner v. City of
Prichard*, 661 F.2d 1206 (11th Cir. 1981).

judgment.  *Impossible Elecs. Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[T]he dispute about a material fact is 'genuine,' ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes*, 398 U.S. at 160.  The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever.  *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611-12 (5th Cir. 1967).  The Court must resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party. *Liberty Lobby, Inc.*, 477 U.S. at 255.

## ANALYSIS

Plaintiff's Motion seeks summary judgment against both Defendants on Count I (Copyright Infringement) and Count II (False Copyright Information) as to liability and damages. The Court considers each count in turn.

### Count I - Copyright Infringement

**A.     Liability**

To establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1223 (11th Cir. 2008) (citing *Feist Publ'ns, Inc. v. Rural Television Serv. Co.*, 499 U.S. 340, 361 (1991)).  A certificate of registration from the United States Copyright Office is *prima facie* evidence of the copyrightablity of a work if it is timely made.  *S. Bell Tel. & Tel. Co. v. Assoc. Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir. 1985); 17 U.S.C. § 410(c) (providing that a certification of registration made "before or within five years after first publication of the work shall constitute prima face evidence of the validity of the copyright").

4

It is undisputed that Plaintiff owns a valid copyright in the Images and that Defendants copied those Images onto FYI's website.[3]  Indeed, Defendants do not even attempt to refute the facts supporting either of the two elements necessary to establish copyright infringement.  Rather, Defendants advance the following five arguments, none of which the Court finds persuasive.[4]

(i)     *Implied License*

First, Defendants argue that their use of the Images was authorized because they had an implied license.  (Response at 4.)  "An implied nonexclusive license is created when one party creates a work at another party's request and hands it over, intending that the other party copy and distribute it."  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 956 (11th Cir. 2009).  An implied license may be granted orally or implied from conduct.  *Id.*  To determine if one exists, a

---

[3]      While Plaintiff is careful to establish liability as to FYI as a corporation and as to Navarro individually, Defendants' Response only argues in general terms that summary judgment is not appropriate.  In other words, Defendants' Response does not address whether Navarro is personally liable for the use of the Images on FYI's website.  Nonetheless, the Court notes here that the record supports imposing vicarious liability on Navarro for copyright infringement.

The Eleventh Circuit set forth a two-part test for finding vicarious liability in copyright infringement actions in the case of *Southern Bell Telephone & Telegraph Co. v. Associated Telephone Directory Publishers*, 756 F.2d 801 (11th Cir. 1985).  First, the individual or corporate officer must have had the ability to supervise the infringing activity, and, second, the individual must have had a financial interest in that activity.  756 F.2d at 441.  The undisputed evidence shows that Navarro is the owner of FYI and, as such, has a direct financial interest in the infringing activity.  Further, the undisputed evidence shows that he controlled FYI's day-to-day activities.  And although his knowledge of the infringement is not necessary to establish liability, Navarro states in his Affidavit, "*We* had no choice but to use the images in order to comply with the listing agreements to sell the boats."  (Navarro Affidavit ¶ 9 (emphasis added).)  Therefore, the Court finds that no genuine issues of material fact exist concerning Navarro's personal participation in the infringing activity.  *See, e.g., Playboy Enters. v. Starware Publ'g Corp.*, 900 F. Supp. 438 (S.D. Fla. 1995) (finding that the individual defendant, as president and shareholder of the infringing corporation, was personally liable for copyright infringement under vicarious liability both because (i) he supervised the corporation's infringing activity and benefitted financially from the sale of the infringing pictures, and (ii) he admitted to authorizing the sale and use of the infringing pictures).

[4]      The Court notes that Defendants also argue, at the outset of their Response, that summary judgment is not appropriate because "1) Defendants' use of the images was not 'unauthorized'; 2) Plaintiff's copyright is invalid; and 3) Plaintiff's claims are barred by laches and estoppel."  (Response at 3.)  However, the first and second of these arguments are not substantively addressed in Defendants' Response; there are no legal or factual arguments supporting them.  Accordingly, the Court will only address the five substantive arguments Defendants actually made in the body of their Response brief.

court should "look at objective factors evincing the party's intent, including deposition testimony and whether the copyrighted material was delivered without warning that its further use would constitute copyright infringement." *Id.* (citation omitted). The existence of an implied license creates an affirmative defense to a claim for copyright infringement, and, therefore, it is the defendant's burden to prove that one existed.[5]  *See id.*

The undisputed evidence shows that Defendants commissioned Plaintiff to photograph yachts for sale at a rate of $75 per yacht and that Plaintiff delivered the Images to Defendants so that Defendants could use the Images in their marketing materials. It is also undisputed that the Images were delivered without warning that their further use would constitute copyright infringement. Thus, the Court finds that the requirements for an implied license have been met. *See Wilchcombe,* 555 F.3d at 956 (stating that the trial court correctly found that a songwriter granted defendants an implied license where the evidence showed that the song was written at the defendants' request, the songwriter sent the song to the defendants, the songwriter understood that the song would be used on an album, and there was no discussion that using the song would constitute copyright infringement). Although Plaintiff argues that payment was a condition precedent to Defendants' use of the Images, this fact is disputed by Navarro's Affidavit, and courts in other copyright cases have been unwilling to find such conditions precedent to granting a license. *See, e.g., Jacob Maxwell, Inc. v. Veeck,* 110 F.2d 749 (11th Cir. 1997) (finding that a songwriter had granted an implied license to defendant to play a song, that the license was not conditioned on prior payment or public recognition, and noting that conditions precedent are disfavored unless required by the plain language of a contract); *accord RT Computer Graphics, Inc. v. United States*, 44 Fed. Cl. 747, 756 (Fed. Cl. 1999) (finding that authorship credit was not

---

[5]         Indeed, Defendants did assert as their Eleventh Affirmative defense that "Plaintiff's claims are barred by Plaintiff's license, consent and acquiescence to Florida Yachts International's use."  (Answer, D.E. 29.)

a condition precedent to an author's grant of a license, "especially in light of the presumption in the law against such conditions . . . .").

Importantly, however, implied licenses are terminable at will, and a party make revoke or rescind an implied license upon a breach. *See Jacob Maxwell*, 110 F.3d at 753. Here, it is undisputed that there was an agreement that Defendants would pay Plaintiff for the Images. Plaintiff was not working on a voluntary basis. It is also undisputed that upon nonpayment Plaintiff sent a cease and desist letter on October 15, 2008, notifying Defendants that the Images were copyrighted and requesting them to cease using the Images on their website. Thus, if any implied license existed, it was terminated as of October 15, 2008, when Plaintiff took affirmative steps to terminate any sort of implied license that may have existed before that time. *Cf. id.* (recognizing that the songwriter was *entitled* to rescind the implied license but that he did not in fact revoke the permission he granted to defendants to continue to use his song). Accordingly, the Court finds that Plaintiff is entitled to judgment as a matter of law for Defendants' infringing use of the Images after October 15, 2008.[6]

### (ii)    Breach of Contract

Second, Defendants argue that Plaintiff's claim is "nothing other than a breach of contract action." (Response at 6.) This argument fails because "the party who bring a suit is a master to decide what law he will rely on." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 24 (1913). There is simply no reason why Plaintiff's copyright claims should fail because he could state a claim for breach of contract.

Defendants also argue that Plaintiff has to assert the terms and conditions of the parties' alleged contract and that Plaintiff failed to notify Defendants of his intent to obtain a copyright on the Images. Defendants fail to cite any legal authority whatsoever for why these facts

---

[6]    The Court notes that granting judgment as a matter of law for any unauthorized use of the Images before that time is also complicated by the fact that the record does not reflect when the Images first appeared on FYI's website. There is evidence, however, that the Images were on the website from October 15, 2008, to the time of Plaintiff's Motion.

preclude Plaintiff's copyright infringement claim.  But in any event, Defendants' arguments fail because (i) a plaintiff does not need to allege the conditions of a contract to state a claim for copyright infringement, *see Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1223 (11th Cir. 2008), and (ii) copyright protection for photographs is in effect the moment the photograph is taken, *see* 17 U.S.C. § 102 ("copyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression").

    *(iii) Fair Use*

   Third, Defendants argue that they have a fair use affirmative defense.  (Response at 7.) Defendants list the four statutory factors to be considered in a fair use analysis, but they neglect to apply them.  Instead, Defendants argue that although it may be that "they believed they were acting illegally, . . . that does not mean that what they did was unfair . . . ."  (*Id*.)

   A court must consider the following factors when determining whether there is fair use: "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work."  17 U.S.C. § 107.  All four factors show that Defendants' use of the Images was not fair use.

   First, Defendants used the Images for a commercial purpose – to market and sell yachts to the public – and did not transform the Images in any way.  *Petter Lettersese & Assocs., Inc. v. World Institute of Scientology Enters., Int'l,* 533 F.3d 1287, 1309-10 (11th Cir. 2008) (stating that the first factor requires the court to consider whether the defendant derived a commercial benefit from its use of the copyrighted work and whether the defendant transformed or added something new to the work).  Thus, the first factor weighs against fair use.  The second and third factors also weigh against fair use because the Images are original creative works, and Defendants used the Images in their entirety without making any changes.  *See id.* at 1312-15. Finally, the fourth factor weighs against fair use because the Images were used for the exact

purpose for which they were taken and, as such, constitute market substitution. *See id.* at 1315-16. Thus, for the foregoing reasons, the Court finds that Defendants' fair use argument does not defeat Plaintiff's Motion for Summary Judgment.

(iv)    <i>Waiver</i>

Fourth, Defendants argue that Plaintiff waived his claim for copyright infringement claims when he turned over the Images to Defendants. (Response at 10.) However, Defendants again fail to offer any factual or legal support for their argument whatsoever. Accordingly, their "waiver" argument fails.

(v)    <i>Failure to Rebut Affirmative Defenses</i>

Fifth, Defendants argue that Plaintiff has presented no evidence to rebut Defendants' affirmative defenses. (Response at 13.) Defendants misunderstand, however, that *they* carry the burden to prove that their actions were justified by an affirmative defense because Plaintiff has supported his claim for copyright infringement. Defendants cannot simply rely on the allegations or denials in their own pleading; rather, they must set out a specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e)(2).

**C.    Damages**

Having found Defendants liable for copyright infringement, the Court must now consider the issue of damages. Plaintiff argues that because he registered the Images within three months of his first publication of the Images, he may elect statutory damages and he is entitled to $150,000 for each of his thirty-one Images because Defendants' infringing conduct was willful. (Motion at 14.)

Section 504 of the Federal Copyright Act provides that a copyright owner may elect to recover (a) his actual damages and the infringer's profits, or (b) statutory damages. 17 U.S.C. § 504(a). If the copyright owner elects statutory damages, then he may recover additional sums if a court determines that the infringing conduct was wilful. 17 U.S.C. § 504(c)(2). As a procedural matter, however, a copyright owner may not elect statutory damages if the infringement occurs

prior to effective date of an unpublished work's copyright registration, 17 U.S.C. § 412(1), or any infringement of the copyright began after the first publication of the work and before the effective date of its registration, *unless* such registration is made within three months after the first publication of the work, 17 U.S.C. § 412(2).  *See also Cable/Home Commc'n Corp. v. Network Prods*., 902 F.2d 829, 850 (11th Cir. 1990).  "Publication" is a defined term in the Federal Copyright Act.[7]

Assuming first the that Images are "unpublished works," the Court cannot award statutory damages under 17 U.S.C. § 412(1) because it appears that the Defendants infringed on Plaintiff's Images *prior to* the effective date of the Images' copyright registration.  The Court bases this finding on the fact that Plaintiff sent Defendants a cease and desist letter on October 15, 2008, and the effective date for the Images' copyright was October 22, 2008.

Second, the Court cannot award statutory damages under 17 U.S.C. § 412(2) at this time because there is no evidence to support a finding of when Plaintiff first published, if ever, the Images.  The exclusive right to publish is reserved to the author or those authorized by the author.  *Cipes v. Mikasa, Inc*., 346 F.Supp.2d 371, 375 (D. Mass. 2004) (citing 17 U.S.C. § 106(3), which provides that the owner of the copyrighted work "has the exclusive rights to . . . distribute copies of . . .  the copyrighted work to the public by sale or other by sale or other transfer of ownership, or by rental, lease, or lending").  And Defendants' unauthorized use of the Images on their website does not constitute publication.  *See id.*; *Zito v. Steeplechase Films, Inc*., 267 F.Supp.2d 1022 (N.D. Cal. 2003) (holding that a photographer was barred from seeking statutory damages against documentary film makers for their unauthorized use of his photograph

---

[7]     Section 101 of the Federal Copyright Act defines "publication" as the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication. A public performance or display of a work does not of itself constitute publication.
17 U.S.C. § 101.

and, in doing so, rejected the photographer's argument that his photo was "published" when the documentary film was released).  "A contrary rule would mean that an author could never be certain whether his or her work had been published because anyone, even someone unknown to the author, could have published the work at any time. Such a result would comport with neither the intent of the exclusive rights granted to authors under 17 U.S.C. § 106(3) nor common sense."  *Cipes*, 346 F.Supp.2d at 375.

Whether Plaintiff's furnishing of the Images to Defendants constitutes publication is unclear on the facts.  There is a dispute on the record as to what conditions of use –if any– accompanied Plaintiff's delivery of the Images to Defendants.  Thus, it is unclear whether Plaintiff's act of delivering the Images to Defendants in the first instance constitutes "publication."  *See, e.g., Aerospace Servs. Int'l v. LPA Group, Inc.,* 57 F.3d 1002, 1003 (11th Cir. 1995) (affirming lower court's determination that statutory damages were unavailable to copyright plaintiff because the plaintiff did not "publish" the work by providing the work only to the defendant with conditions limiting its use).

In sum, the record is not sufficiently developed for the Court to find that Plaintiff is entitled to statutory damages.  Therefore, the Court declines to find that Defendants' acts were wilful at this time.  Finally, the Court notes that there is no evidence regarding Plaintiff's actual damages or Defendants' profits.  And thus, the Court cannot presently award any damages under 17 U.S.C. § 504.

### Count II - Providing False Copyright Management Information

Relying on the same facts underlying his copyright infringement claim, Plaintiff alleges that Defendants "distributed false copyright management information" by posting a copyright notice of "© 2008 - 2009" on FYI's website along with the Images.  (Complaint ¶¶ 28-31.) Plaintiff argues that this is a false claim, which constitutes a violation of 17 U.S.C. § 1202(a), and, therefore, he is entitled to statutory damages under 17 U.S.C. § 1202(b).  (Motion at 8-9.)

Section 1202(a) of the Federal Copyright Act provides that "[n]o person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement– (1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false."  17 U.S.C. § 1202(a).  Plaintiff argues that "Defendants' initial and continued assertion of copyright to the Images on the FYI Website constitutes a willful and continued concealment of their infringement in violation of 17 U.S.C. § 1202(a)(1)." (Motion at 17.)   Plaintiff provides no legal authority to support his position, but more importantly, he fails to provide any evidence of Defendants' *intent*.  The statute clearly requires a showing of Defendants' intent to induce, enable, facilitate, or conceal infringement of the Images.  Accordingly, the Court denies summary judgment on Count II.

**CONCLUSION**

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion is GRANTED IN PART AND DENIED IN PART.  Judgment as to liability is entered in favor of Plaintiff and against Defendants on Count I (Copyright Infringement).  Plaintiff's Motion is DENIED to the extent that he seeks (i) statutory damages on Count I, (ii) liability against the Defendants on Count II, and (iii) damages on Count II.

DONE AND ORDERED in Chambers at Miami, Florida, this 10th day of March, 2010.


_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record